108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James COLEMAN, Plaintiff-Appellant,
v.
TEXACO MARINE SERVICES, INC., Defendant-Appellee.
 No. 95-15957.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1997.
Decided March 17, 1997.
 
 Before: GOODWIN, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Coleman, a former crew member on the SS Star Rhode Island, appeals pro se a summary judgment in favor of Texaco Marine Services in his action alleging race discrimination and harassment in violation of California's Fair Employment and Housing Act (FEHA), Cal.Gov't Code § 12900 et seq. We affirm.
 
 
 3
 This action arose out of a verbal dispute and physical altercation between Coleman, who is black, and a fellow crew member, Richard Sasse, who is white. Coleman contends that Sasse was the aggressor in the fight. He argues that by discharging both men for the incident, Texaco discriminated against Coleman on account of his race.
 
 
 4
 California applies federal law to discrimination cases that are analogous to federal Title VII claims. See University of S. Cal. v. Superior Court, 272 Cal.Rptr. 264, 268 (Cal.Ct.App.1990); Cook v. Lindsay Olive Growers, 911 F.2d 233, 241 (9th Cir.1990). Therefore, Coleman's burden in defeating summary judgment was to establish a prima facie case of discrimination and, if Texaco articulated a legitimate nondiscriminatory reason for its action, to raise a genuine factual issue as to whether the articulated reason was pretextual. See Washington v. Garrett, 10 F.3d 1421, 1433 (9th Cir.1993).
 
 
 5
 Coleman failed to carry this burden. Texaco presented evidence that it discharged Coleman for fighting with another crew member in accordance with the ship's own disciplinary rules and the custom in the maritime industry. At the summary judgment stage, Coleman was then required to produce "specific, substantial evidence of pretext." See Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994) (internal quotation omitted). Coleman failed to raise a genuine factual issue that Texaco's explanation was a pretext for race discrimination.
 
 
 6
 We also agree with the district court's conclusion that Coleman failed to exhaust his administrative remedies under FEHA on his other claims of discriminatory treatment and racial harassment. "Incidents of discrimination not included in an [administrative agency] charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the [agency] charge." Green v. City of Los Angeles County Superintendent of Schs., 883 F.2d 1472, 1475-76 (9th Cir.1989) (internal quotation omitted). Coleman's complaint to California's Department of Fair Employment and Housing discussed only the circumstances surrounding his discharge and made no mention of incidents of discriminatory treatment and harassment prior to the fight with Sasse.
 
 
 7
 Coleman argues for the first time on appeal that the EEOC mishandled his complaint and caused the omission of the full scope of his allegations from the administrative charge. He attempts to supplement the record on appeal by introducing new evidence of the EEOC's computer records. Coleman bears the burden of developing the factual record fully in the district court. See Andersen v. Cumming, 827 F.2d 1303, 1305 (9th Cir.1987). Before this court will address a new issue, an appellant must show exceptional circumstances explaining why he failed to raise the issue in the district court. See International Union of Bricklayers Local Union No. 20 v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). Coleman does not now contend that this evidence was unavailable or undiscoverable while his case was before the district court. We therefore decline to consider Coleman's claims of EEOC misconduct.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3